WAYNE COUNTY PROSECUTOR v CITY OF DETROIT

Docket No. 136642. Submitted October 12, 1993, at Detroit. Decided March 7, 1994, at 9:50 A.M.

The Wayne County Prosecutor brought an action in the Wayne Circuit Court against the City of Detroit, seeking an accounting of the defendant's drug forfeiture funds and reimbursement for any disbursements found to be improper. The court, Richard C. Kaufman, J., dismissed the action. The prosecuting attorney appealed, and the city cross appealed.

The Court of Appeals *held*:

The Uniform Budgeting and Accounting Act, MCL 141.421 *et seq.*; MSA 5.3228(21) *et seq.*, prescribes the manner in which units of local government are held accountable to the state treasurer for their handling of public funds. The City of Detroit cannot be compelled to account for and make reimbursement of drug forfeiture funds in a manner different from the procedures provided under the UBAA.

Affirmed.

FORFEITURES AND PENALTIES — DRUG FORFEITURE FUNDS — UNIFORM BUDGETING AND ACCOUNTING ACT.

Drug forfeiture funds held by units of local government are subject to audit and reimbursement pursuant only to the procedures provided in the Uniform Budgeting and Accounting Act (MCL 141.421 *et seq.*, 333.7521 *et seq.*; MSA 5.3228[21] *et seq.*, 14.15[7521] *et seq.*).

*George E. Ward,* Chief Assistant Prosecutor, for the plaintiff.

*Pepper, Hamilton & Scheetz* (by *Richard A. Rossman, Abraham Singer,* and *John Mucha, III*), and *Donald Pailen,* Corporation Counsel, and *Harnetha Jarrett* and *William M. Wolfson,* Assistant Corporation Counsel, for the defendant. ·

REFERENCES

Am Jur 2d, Forfeitures and Penalties § 8.

See ALR Index under Fines, Forfeitures, and Penalties.

Before: JANSEN, P.J., and CONNOR and R. L. ZIOLKOWSKI,* JJ.

CONNOR, J. Plaintiff brought this action, alleging that defendant's drug forfeiture funds were being mishandled and misspent. He sought an accounting of those funds and reimbursement of any funds found to be illegally spent. The trial court dismissed plaintiff's claims. Plaintiff appeals as of right, and defendant cross appeals. We affirm.

Property used in violation of this state's drug laws is subject to forfeiture. MCL 333.7521; MSA 14.15(7521). The net proceeds from the sale of forfeited property and any money forfeited go to the unit of local government that seized the property and must be used to enhance law enforcement. MCL 333.7524(1)(b)(ii); MSA 14.15(7524)(1)(b)(ii).

The state has an undeniable interest in seeing that drug forfeiture funds are spent lawfully. As a prosecuting attorney, plaintiff does have authority to bring civil actions in furtherance of the state's interests in Wayne County. MCL 49.153; MSA 5.751.[1] However, plaintiff is not the sole protector of the state's interests. The Legislature has delegated to the state treasurer the duty of ensuring that public funds are accounted for.

Michigan's Constitution requires the Legislature to provide for accounting and auditing of all public assets by law. Const 1963, art 9, § 21. The Legislature has done so with the Uniform Budgeting and Accounting Act (UBAA), MCL 141.421 *et seq.*; MSA 5.3228(21) *et seq.*

The UBAA requires defendant to establish and

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] The fact that the Wayne County Board of Supervisors decided to employ an attorney to represent the *county's* interests in civil matters does not prevent plaintiff from representing the *state's* interests in civil matters. See MCL 49.72; MSA 5.825.

maintain a uniform chart of accounts, and gives the state treasurer broad powers to ensure defendant's compliance. See MCL 141.421; MSA 5.3228(21). Defendant is also required to conduct audits of *all* its public funds annually, MCL 141.425(2); MSA 5.3228(25)(2), and must provide those conducting audits with all records needed upon demand, MCL 141.433(2); MSA 5.3228(33)(2).[2] Audits must be completed and filed with the state treasurer no later than 180 days after the end of each fiscal year. MCL 141.427; MSA 5.3228(27). Should defendant fail to provide for a required audit, the state treasurer has a duty to either audit defendant or order a certified public account to do so, MCL 141.426; MSA 5.3228(26), and he has the authority needed to ensure an appropriate and timely audit, see MCL 141.430; MSA 5.3228(30).

We find that, because the UBAA specifically defines how units of local government are to account to the state for the public funds entrusted to them, the defendant cannot be compelled to account for public funds in the manner sought by the prosecutor in this action. The UBAA adequately protects the state's interest and there is no need for the court to exercise its equitable powers to ensure that the City of Detroit conduct a timely accounting.

If defendant has not been audited as required by the UBAA, it is because the state treasurer has failed to fulfill his statutory duty. The appropriate action for plaintiff to pursue to ensure that defendant is audited in accordance with the law is to seek a writ of mandamus to compel the treasurer to perform his clear legal duty. The trial court properly dismissed plaintiff's request for an accounting.

---

[2] Thus, even before MCL 333.7524a; MSA 14.15(7524a) became effective on April 1, 1991, defendant could not hide from auditors what it was doing with its forfeiture funds.

When an examination discloses that public moneys have been misused or misappropriated, plaintiff is authorized to seek to have such money reimbursed. MCL 141.431 and 141.440; MSA 5.3228(31) and 5.3228(40). However, until an examination discloses any particular misuse or misspending of public moneys, plaintiff's claim for reimbursement based on a suspicion that public money may have been misspent is premature.

Affirmed.